UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDEL ALIEM EL BADRY, | No. 2:22-cv-0733 CKD P |
| Petitioner, | |
| v. | ORDER AND |
| GENA JONES, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner is proceeding with counsel with a petition for writ of habeas corpus under 28 U.S.C. § 2254. In September of 2018, petitioner was convicted of false imprisonment and penetration by foreign object by means of force or fear. ECF No. 10-3 at 76. In October of that same year, he was sentenced to 8 years in prison. Petitioner presents a single claim for relief. For the reasons which follow, the court recommends that the petition for writ of habeas corpus be denied.

I. Background

On direct appeal, the California Court of Appeal summarized the evidence presented at trial and other relevant facts as follows:

*Doe Incident*

On or about May 23, 2014, Maria Doe was working picking up trash and selling tamales out of her car. Defendant approached her and

1

offered her a job cleaning his house. Doe followed defendant to his house in her own car to give him an estimate for the work.

Doe and defendant entered the property through a gate and the house through the front door, both of which defendant locked behind him. Defendant showed Doe the kitchen, a bedroom, and the back yard. They went into another bedroom, and defendant pushed Doe onto the bed. He put his hands and a leg on her. She could not push him off. Defendant opened a box next to the bed and took out two dildos, one of which was "pinkish," "almost white" in color, and the other darker. Doe saw another sex toy in the box, which looked "like a butterfly, different colors."

Defendant pulled off Doe's pants and underwear, and penetrated her vaginal area with the pinkish dildo. Doe testified defendant also put his penis in her mouth.

Doe's phone rang, and defendant complied when she asked him to let her up. She said she had to deliver some tamales and that she would come back later. She got dressed and left the house.

Doe told her boyfriend and her daughter about the incident, but she did not call the police. On June 26, 2015, Doe told a woman working as a security guard about the incident, and the security guard called the police. Doe subsequently told police officers what had happened, described defendant, and took them to defendant's house, where they saw the same truck defendant drove on the date of the incident.

Police obtained a search warrant and conducted a search of defendant's home. Pursuant to the search, officers found a black bag in defendant's bedroom containing 12 sex toys and other objects. Doe identified two of the sex toys as used on her.

*Prior Sexual Misconduct Related to K.H.*

The trial court admitted evidence of two instances of defendant's prior sexual misconduct. [Footnote omitted.]

In February 2003 defendant approached K.H. and her husband at a homeless shelter, where they were waiting to get food. Defendant offered them work at his residence, and he drove the couple to his home. Defendant instructed K.H. to wait inside and watch his son while he instructed her husband on needed yardwork.

Defendant then came back inside, started to massage K.H.'s back or shoulders and touched her buttocks, and did not stop when she asked him to. K.H. picked up defendant's son, hoping that would cause him to leave her alone.

Defendant went back outside, and K.H. attempted to follow him. He pushed her and told her neither she nor his son were allowed outside. K.H. went to the front door, but it was locked. Defendant grabbed K.H.'s arm, pushed her into the laundry room, and grinded his groin against her from behind. He appeared to be aroused. He pushed her shoulders down and said he "needed to feel the bone on [her] butt or

2

[her] back." He told her to take her pants off. K.H. was trying to leave, but defendant would not let her.

Defendant's son walked into the laundry room, and defendant stopped. K.H. grabbed her belongings and went outside. She told her husband defendant had tried to rape her. K.H. and her husband ran to a nearby store and called the police.

As a result of that incident, defendant pled guilty to felony false imprisonment.

*Prior Sexual Misconduct Related to A.A.*

In November 2013 A.A. and her boyfriend were homeless and walking towards a motel to rent a room. Defendant drove up to the couple and offered them paid work on his house. He offered to show them what needed to be done and then drop them off at the motel.

A.A. and her boyfriend agreed, and they got in defendant's truck. They all sat in the front bench seat, with A.A. in the middle. On the ride, defendant began rubbing A.A.'s leg. A.A. was uncomfortable, but she did not say anything because she and her boyfriend needed the work.

At defendant's house, defendant repeatedly stood "right behind" A.A. so she would bump into him whenever she moved or turned. She felt uncomfortable, so she told defendant they would consider the work but needed to check into their motel. Defendant drove the couple back to the motel, and he continued rubbing A.A.'s leg and arm on the drive. She did not say anything because he did not want defendant to throw them out of the car on the side of the freeway.

When they arrived at the motel, A.A.'s boyfriend went inside to check in. Defendant told A.A. to write down her phone number if they were interested in the work. As she wrote down her phone number, defendant reached his hand up her sleeve and tried to grope her breasts. A.A. pulled away quickly, grabbed her belongings, and ran around the side of the motel.

When A.A. and her boyfriend got into their room, defendant attempted to call A.A. Defendant walked around the motel for five to 10 minutes looking for them before giving up and leaving. A.A. called the police when defendant left. A.A. did not want to press charges; she told police she just wanted "it to be noted . . . that he had tried something . . . in case it ever happened again."

*Procedural History*

The jury found defendant guilty of penetration by a foreign object (Pen. Code, § 289, subd. (a)(1); count one) and false imprisonment (Pen. Code, § 236; count two). The trial court found defendant ineligible for probation and sentenced him to the upper term of eight years in prison on the penetration count and stayed imposition of the

/////

3

|   |   |
|---|---|
| 1 | sentence on the false imprisonment count pursuant to Penal Code section 654. |
| 2 | ECF No. 10-13 at 2-5. |

Petitioner presented the claim he presents here to the California Court of Appeal. ECF No. 10-10. Petitioner's convictions and sentences were affirmed. ECF 10-13. Petitioner sought review of the Court of Appeal decision in the California Supreme Court. ECF No. 10-14. The petition was denied. ECF No. 10-15.

II. <u>Standards of Review Applicable to Habeas Corpus Claims</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ of habeas corpus is not available for alleged error in the interpretation or application of state law. See <u>Wilson v. Corcoran</u>, 562 U.S. 1, 5 (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.2d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following limitation on the granting of federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;
>
> or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different, as the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's

> application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011). Here, the only reasoned decision was issued by the California Court of Appeal. ECF No. 10-13 at 5-12.

III. Claim and Analysis

Petitioner claims that admission of the evidence concerning incidents with K.H. and A.A. violated petitioner's Fourteenth Amendment right to due process. Petitioner claims the evidence only shows petitioner's propensity to commit crime and that there was no permissible inference the jury could draw from the evidence. This, according to petitioner, rendered his trial fundamentally unfair.

In reaching the conclusion that the probative value of the admitted evidence concerning the incidents with K.H. and A.A. was not substantially outweighed by undue prejudice, the California Court of Appeal found as follows:

> With respect to the remoteness of the prior offenses, no bright line rule exists. (People v. Ewoldt (1994) 7 Cal.4th 380, 405 [12-year gap not too great]; Branch, supra, 91 Cal.App.4th at p. 284 [30-year

5

gap between offenses is "substantial," but similarity between offenses can balance out remoteness]; *People v. Harris* (1998) 60 Cal.App.4th 727, 739 [finding a 23-year gap between sexual offenses with no intervening criminal conduct militates against admission].) The incident involving K.H. occurred in 2003, the incident involving A.A. occurred in 2013, and the charged offense occurred in 2014. The 11-year gap between the K.H. incident and the charged offense is less than the 12-year gap in *Ewoldt*, which our Supreme Court observed was not too great. Additionally, the incident involving A.A. occurred between the K.H. incident and the charged offense, which narrows the gap between defendant's incidents of sexual misconduct.

Moreover, the evidence regarding defendant's previous misconduct is quite similar to the charged offense, which balances out any remoteness. (*See Branch*, *supra*, 91 Cal.App.4th at p. 284.) In each instance, defendant lured a vulnerable woman to his home under the guise of a job opportunity. Defendant went through the motions of discussing the work before making unwanted sexual advances. Defendant points to the differences between the incidents: both of the prior incidents involved both a man and a woman, both couples rode in defendant's car rather than their own car, both K.H. and A.A. remained clothed, and neither prior incident involved sex toys. But while we agree there are slight differences in the details of each incident, we conclude the similarities of defendant's preferred method of luring financially vulnerable women to his home with the promise of a paying job but actually for purposes of making sexual advancements toward them far outweigh the differences present in each incident. The remoteness of the incident involving K.H. does not militate against admitting the evidence.

Next, we consider whether the admission of the prior instances of defendant's sexual misconduct was likely to confuse the issues before the jury. As we have noted, one of the two prior incidents was never prosecuted and the other resulted in a conviction for felony false imprisonment. Our Supreme Court has recognized that a prior offense not resulting in a conviction could increase the likelihood that the jury (1) will attempt to punish defendant for the uncharged offenses and (2) confuse the issues because the jury has to determine whether the uncharged conduct actually occurred. (*People v. Ewoldt*, *supra*, 7 Cal.4th at p. 405.) Here, nothing in the record suggests that either woman involved in defendant's prior instances of sexual misconduct was not telling the truth, and nothing in the record suggests the jury was confused or attempted to punish defendant for his previous misconduct. Evidence of each prior incident included the testimony of a single witness, which reduces the risk of confusing the jury by conducting a trial within a trial. Because only one witness testified in a straightforward narrative as to each incident and was subject to cross-examination, the burden on defendant to defend against the evidence was not excessively onerous. Similarly, we conclude there was no possibility of admitting less prejudicial evidence supporting each incident; offering a single witness to testify about each prior incident and subjecting that witness to cross-examination is nearly the bare minimum that the prosecution could have done to admit the evidence.

6

> Additionally, the charged offense includes defendant forcibly removing Doe's pants and using a sex toy to penetrate her vagina. That conduct is more inflammatory than either of the previous incidents. We see nothing in the record to suggest that evidence of the prior incidents would have inflamed the jury to convict defendant based on the other incidents and not based on the charged conduct.

ECF No. 10-13 at 10-11.

For the reasons stated, this court agrees with the California Court of Appeal that admission of evidence concerning the incidents involving K.H. and A.A. did not render petitioner's trial fundamentally unfair.

Furthermore, as noted by the Ninth Circuit in <u>Holley v. Yarborough</u>, 568 F.3d 1091, 1101 (9th Cir. 2009) the Supreme Court has never held that failure to exclude 'irrelevant or overtly prejudicial evidence constitutes a due process violation." This being the case, the court cannot find the Court of Appeal's rejection of petitioner's due process claim "is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." As such, and because petitioner fails to show that the Court of Appeal's decision with respect to his claim is based upon an unreasonable interpretation of facts, petitioner is precluded from obtaining relief under 28 U.S.C. § 2254(d).

IV. <u>Conclusion</u>

For all these reasons, the court will recommend that petitioner's petition for a writ of habeas corpus be denied, and this case be closed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for a writ of habeas corpus (ECF No. 1) be DENIED; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner
2  may address whether a certificate of appealability should issue in the event he files an appeal of
3  the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district
4  court must issue or deny a certificate of appealability when it enters a final order adverse to the
5  applicant).  Any response to the objections shall be served and filed within fourteen days after
6  service of the objections.  The parties are advised that failure to file objections within the
7  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
8  F.2d 1153 (9th Cir. 1991).

Dated:  May 7, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
elba0733.157